IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CANTRELL LASHONE WINTERS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:14-cv-01383 |
| DERRICK D. SCHOFFELD, | ) Judge Campbell |
| Respondent. | ) |

## MEMORANDUM

State prisoner Cantrell Lashone Winters has filed a Petition under 28 U.S.C. § 2254 for the writ of habeas corpus. This matter is before the Court on Respondent's Motion to Dismiss (Docket Entry No. 11), to which Petitioner has responded (Docket Entry No. 13). For the reasons set forth below, Respondent's Motion will be granted.

## I. RELEVANT FACTS

Petitioner has acknowledged that "the timeline articulated by the Respondent is as stated accurate in all respects." (Docket Entry No. 13, at 2.) Accordingly, the Court adopts that timeline in full:

> Following a trial, a Davidson County Criminal Court jury convicted the petitioner, Cantrell Lashone Winters, of evading arrest and possession of 50 grams or more of hydromorphone in a school zone with intent to sell or deliver. *State v. Winters*, No. M2009-01164-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 216, at *1 (Tenn. Crim. App. Mar. 24, 2011). He received a 34-year sentence. *Id.* at *5. The Tennessee Court of Criminal Appeals affirmed on March 24, 2011 but modified the evading arrest conviction from a class D to a class E felony due to the insufficiency of the evidence establishing a risk of death or injury to bystanders. *Id.* at *25. The petitioner did not pursue an appeal to the Supreme Court of Tennessee. The mandate issued on June 6, 2011.
>
> The petitioner filed a state post-conviction petition on January 26, 2012. *Winters v. State*, No. M2012-02380-CCA-R3-PC, 2013 Tenn. Crim. App. LEXIS 771 (Tenn. Crim. App. Sept. 11, 2013); (Notice of Filing, Add. 1 at 9.) The post-conviction court denied the petition after a hearing and the Tennessee Court of Criminal Appeals affirmed on September 11, 2013. *Id.* at *5, 10. The Supreme Court of Tennessee denied discretionary review on January 15, 2014. *Winters v. State*, No. M2012-02380-SC-R11-PC, 2014 Tenn. LEXIS 58 (Tenn. Jan. 15, 2014).

The petitioner, through retained counsel, filed a petition for a federal writ of habeas corpus on June 27, 2014.

(Docket Entry No. 12, at 2.)

## II. LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. Under this provision, the limitations period runs from the latest of four enumerated events, only one of which is relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). Another subsection of the statute provides that the limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Petitioner's judgment became final – and his limitations period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) – on May 23, 2011, the date on which his 60-day window to seek review from the Tennessee Supreme Court after the Tennessee Court of Criminal Appeals' adverse decision on March 24, 2011. 248 days ran from that date until Petitioner tolled the AEDPA limitations period under § 2244(d)(2) by filing his state post-conviction petition on January 26, 2012. Petitioner's state post-conviction action concluded when the Tennessee Supreme Court denied review on January 15, 2014. According to Respondent, the limitations period began running again on that date and expired 117 days later, on May 12, 2014. (Docket Entry No. 12, at 3–4.) Thus, according to Respondent, Petitioner's petition filed in this Court more than a month later, on June

---

[1]The statutory period may also begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)-(D).

27, 2014, must be dismissed as untimely. (*Id.* at 4.)

Petitioner responds that Respondent's position is "incorrect as a matter of law," and argues that his limitations period was tolled for an additional 90 days after the Tennessee Supreme Court denied review of his post-conviction case – the time within which he could have petitioned the United States Supreme Court for certiorari. In support of his position, Petitioner cites *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and relies on this quote: "**Under 2244(d)(1)**, the one-year statute of limitations does not begin to run until the time for filing a writ of certiorari for direct review by the United States Supreme Court has expired." (Docket Entry No. 13, at 1–2) (emphasis added).

In his reliance on *Bronaugh*, Petitioner overlooks the fact that the language he quotes relates only to § 2244(d)(1)(A), concerning when a criminal judgment becomes final for the purpose of beginning the AEDPA limitations period. There is no question in this case about when Petitioner's judgment became final and his limitations period first began to run. Petitioner also overlooks the fact that one of the chief points of *Bronaugh* was that § 2244(d)(1)'s limitations period commencement provision and § 2244(d)(2)'s tolling provision impose separate and distinct analyses. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (finding that filings related to direct appeal implicate only § 2244(d)(1) and do not require the "properly filed" analysis implicated by (d)(2)).

More importantly, Petitioner overlooks the United States Supreme Court decision that forecloses his argument. In *Lawrence v. Florida*, the question before the court was whether a petition to the Supreme Court for certiorari from the state court's denial of relief in a post-conviction action tolled AEDPA's limitations period. Construing 28 U.S.C. § 2244(d)(2), the court found that post-conviction actions only toll the limitations period as long as they are pending in **state court**:

> Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application. As we stated in *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134, 153 L.Ed.2d 260 (2002) (internal quotation marks omitted), a state postconviction application "remains pending" "until the application has achieved final resolution through the State's postconviction

> procedures." This Court is not a part of a "State's post-conviction procedures." State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a federal court. The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.

*Lawrence v. Florida*, 549 U.S. 327, 332 (2007). In reaching this conclusion, the Supreme Court expressly rejected the argument that § 2244(d)(2) should be construed to be coextensive with § 2244(d)(1)(A). *Id.* at 333–34.

The Sixth Circuit has acknowledged that *Lawrence* overturned its own precedent on this issue:

> The Supreme Court's decision in *Lawrence* overruled this court's holding in *Abela v. Martin* [348 F.3d 164 (6th Cir.2003)]. In *Abela*, this court held that the statute of limitations was "tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela*, 348 F.3d at 172–73. *Lawrence* overruled *Abela*, holding that the "filing of a petition for certiorari before this Court does not toll the statute of limitations under § 2244(d)(2). *Lawrence*, 127 S.Ct. at 1086. The Court found that the tolling provision contained in § 2244(d)(2) applies only to state post-conviction or collateral remedies, and that a petition for certiorari seeking review of a states denial of post-conviction relief is a federal post-conviction remedy. *Id.* at 1083.

*Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). Thus, contrary to Petitioner's argument, the law is clear that the differences between § 2244(d)(1)(A) and (d)(2) are not "artificial distinctions." (*See* Docket Entry No. 13, at 2.)

Petitioner has stated that "If the 90-day period for application for the writ of certiorari is not included in the calculus, the motion to dismiss is well-taken." (*Id.*) The Court agrees. The law is clear that the 90-day period for application for the writ of certiorari following denial of relief in a post-conviction action is not included in the tolling period under 28 U.S.C. § 2244(d)(2), and Respondent's motion to dismiss is therefore well-taken.

4

**CONCLUSION**

For the reasons set forth above, the Court finds that the petition in this action is untimely and is barred from review by the applicable statute of limitations. Respondent's Motion to Dismiss (Docket Entry No. 11) will be granted.

An appropriate Order shall enter.

_____
TODD CAMPBELL
United States District Judge